UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a federally-recognized Indian tribal government and as *parens patriae* on behalf of the Enrolled Members of the Confederated Tribes and Bands of the Yakama Nation;<br><br>                Plaintiff,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General of the United States; et al.,<br><br>                Defendants. | NO: CV-11-3028-RMP<br><br>ORDER ON MOTIONS TO STAY DISCOVERY AND MOTIONS FOR EXTENSION OF TIME TO ANSWER |

## INTRODUCTION

Before the Court is the Federal Defendants' Motion for Protective Order Staying Discovery, ECF No. 43; the Cities of Martinsville and Vinton's Motion for Extension of Time to Answer, ECF No. 67, in which the City of Tupelo has joined, ECF No. 117; the County of Roanoke's Motion for Extension of Time to Answer,

ORDER ON MOTIONS TO STAY DISCOVERY AND MOTIONS FOR
EXTENSION OF TIME TO ANSWER~ 1

ECF No. 70; and the Cities of Martinsville and Vinton's Motion to Extend Time for Rule 26(f) Disclosures, ECF No. 102, in which the County of Roanoke has joined, ECF No. 116. The Court has reviewed the relevant pleadings and the file and is fully informed.

## BACKGROUND

The Confederated Tribes and Bands of the Yakama Nation ("Yakama") filed its original complaint on March 8, 2011, alleging various theories of liability against a myriad of federal officers and agencies stemming from an entry onto Yakama land pursuant to a search warrant on February 16, 2011. ECF No. 1. Shortly thereafter, Yakama filed an amended complaint adding the County of Yakima as a defendant to the action. ECF No. 3. On April 22, 2011, Yakama filed a document titled "FRCP 26(f) Conference Report and Discovery Plan." ECF No. 15. According to that document, the parties had conversed by telephone on April 8, 2011. ECF No. 15 at 2. Yakama believed that the phone call was a Rule 26(f) conference. ECF No. 15 at 2. The Federal Defendants contest this characterization. *See* ECF No. 15 at 3.

On June 2, 2011, Yakama filed its second amended complaint. ECF No. 41. In this complaint, Yakama added numerous other defendants including additional federal officers and agencies, and various cities and counties from Washington, Mississippi, and Virginia. On June 10, 2011, the Federal Defendants brought the

instant motion seeking a stay of discovery pending the outcome of a motion to dismiss that had yet to be filed. ECF No. 43. On June 22, 2011, the Federal Defendants filed the motion to dismiss. ECF No. 50. Yakama and the Federal Defendants agreed to an extended briefing schedule in light of the complexity of the Federal Defendants' Motion, which currently is scheduled for hearing on September 27, 2011. ECF No. 56.

In light of the pending motion to dismiss, the cities of Martinsville, Vinton, and Tulepo and the County of Roanoke seek an extension of time to file their answers and/or file motions under Rule 12(b) until after the Federal Defendants' motion to dismiss has been addressed. Additionally, the Cities of Martinsville and Vinton and the County of Roanoke seek an extension of time to complete discovery.

## APPLICABLE LAW

**Motions to Stay Discovery**

A court may issue a protective order staying discovery upon a showing of good cause. Fed. R. Civ. P. 26(c)(1). Courts have discretion to stay discovery pending the disposition of motions to dismiss. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Maraziti v. First Interstate Bank of CA*, 953 F.2d 520, 526 (9th Cir. 1992); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). However, "'discovery

should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1996)). District courts enjoy broad discretion in determining whether or not to permit or deny discovery. *Id.*

**Motion to Extend Time for Answer**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time" Fed. R. Civ. P. 16(b). Requests for extensions of time made before the applicable deadline has passed should "'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 48 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

## DISCUSSION

**Federal Defendants' Motion to Stay Discovery**

The Federal Defendants' motion for a protective order was filed prior to the filing of the Federal Defendants' motion to dismiss. The Federal Defendants asserted that their motion to dismiss could be addressed based solely on the pleadings and that the motion would not challenge any of the factual allegations in

ORDER ON MOTIONS TO STAY DISCOVERY AND MOTIONS FOR EXTENSION OF TIME TO ANSWER~ 4

the Plaintiff's second amended complaint.  ECF No. 44 at 2.  Yakama anticipated that, in support of the motion to dismiss, the Federal Defendants would argue that the various federal officers and agencies at issue in this litigation had complied with the internal rules of their respective agencies.  ECF No. 47 at 9.  Yakama contended that such an argument would require discovery about the events of February 16, 2011, from which this action springs.  ECF No. 47 at 9.

The Federal Defendants filed their motion to dismiss on June 22, 2011.  ECF No. 50.  One of the bases for dismissal asserted by the Federal Defendants is that this Court lacks subject matter jurisdiction because the Federal Defendants enjoy sovereign immunity.  In its response, Yakama asserts that discovery is necessary to address the jurisdictional argument.

Where facts bearing on the issue of jurisdiction are controverted, or where better showing of jurisdictional facts are necessary, a district court should allow discovery.  *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).  Yakama asserts that the Federal Defendants have waived sovereign immunity pursuant to three sets of claims: (1) claims brought under 28 U.S.C. § 1331 seeking non-monetary relief; (2) claims brought pursuant to the Administrative Procedures Act ("APA"); and (3) the claims seeking a Writ of Mandamus.  ECF No. 145 at 7.  Important to the instant motion is Yakama's argument for waiver for claims brought pursuant to the APA.  The Court must

ORDER ON MOTIONS TO STAY DISCOVERY AND MOTIONS FOR EXTENSION OF TIME TO ANSWER~ 5

determine whether Yakama's APA argument raises questions of fact, or requires a more sufficient factual showing, such that it establishes a need for discovery.

The Plaintiff's APA argument relies on 5 U.S.C. § 702 which reads in pertinent part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

This statutory section is part of the APA and the selected portion contains two sentences. The Ninth Circuit has interpreted these two sentences separately. *See Veterans for Common Sense v. Shinseki*, 644 F.3d 845, 865-66 (9th Cir. 2011). The court has construed the first sentence of § 702 as "entitl[ing] aggrieved individuals to 'judicial review of federal agency action'" under the APA. *Id.* at 866. The court construed the second sentence as providing a waiver of sovereign immunity for actions seeking non-monetary relief. *Id.* The court concluded that the waiver provided by the second sentence, which was added to the statute after the enactment of the first sentence, was not limited to cases brought pursuant to the APA. *Id.* Instead, the waiver of sovereign immunity applies to all actions seeking non-monetary relief that are cognizable before the federal courts, including actions

ORDER ON MOTIONS TO STAY DISCOVERY AND MOTIONS FOR EXTENSION OF TIME TO ANSWER~ 6

brought pursuant to the APA and other actions which provide their own private right of action. *Id.* at 865-66 (citing *Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 525 (9th Cir. 1989)).

Yakama seeks non-monetary relief in this case. Accordingly, any claims by Yakama, whether brought independent of or through the APA, may not be barred by sovereign immunity.

In reviewing an agency's action under the APA, the "action 'must be set aside if the action was "arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law" or if the action failed to meet statutory, procedural, or constitutional requirements.'" *Yetiv v. U.S. Dep't of Hous. & Urban Dev.*, 503 F.3d 1087, 1089 (9th Cir. 2007) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 414 (1971), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977) (quoting 5 U.S.C. § 706(2)(A))). A district court may also "compel agency action unlawfully withheld or unreasonably delayed." § 706(1).

Yakama has provided authority for the proposition that procedural requirements or duties that the agency is compelled to perform may be dictated by internal policy guidelines. *Lower Brule Sioux Tribe v. Deer*, 911 F. Supp. 395, 399 (D.S.D. 1995) (quoting *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 721 (8th Cir. 1979)); *see also Morton v. Ruiz*, 415 U.S. 199, 235 (1974) ("Where the

1  rights of individuals are affected, it is incumbent upon agencies to follow their own
2  procedures."). Under that authority, the failure to abide by internal guidelines can
3  give rise to an action under the ADA. *See Oglala*, 603 F.2d 707; *but see Hoopa*
4  *Valley Tribe v. Christie*, 812 F.2d 1097, 1103 (9th Cir. 1987).

5　　　Yakama has identified the Federal Defendants' failure to notify the tribe
6  before entering tribal lands and the Federal Defendants' entry onto those tribal
7  lands as the agency actions it challenges. The Court agrees with Yakama's
8  argument that discovery as to the policies that govern the Federal Defendants'
9  actions with the Yakama, particularly with regard to notification and limitations on
10 actions while on tribal lands, and discovery as to the Federal Defendants' decision
11 not to notify the Yakama before entering onto tribal lands, as well as discovery
12 regarding the actual entry onto tribal lands is needed to establish whether the Court
13 has jurisdiction. Accordingly, the Court grants in part and denies in part the
14 Defendants' motion for protective order and orders the Federal Defendants to
15 respond to reasonable discovery requests related to the limited subject matters
16 identified in the preceding sentence.

17　　　In light of the Court's ruling regarding discovery, the Court concludes that
18 the current hearing date for the motion to dismiss, September 27, 2011, is no
19 longer appropriate. Accordingly, that hearing is stricken and the Court will re-note
20

ORDER ON MOTIONS TO STAY DISCOVERY AND MOTIONS FOR
EXTENSION OF TIME TO ANSWER~ 8

the hearing for **January 17, 2012**, to allow limited discovery as well as time for supplemental briefing by the parties in light of discovery.

**Cities' and County's Motion to Extend Time for Answer**

Requests for extensions of time made before the applicable deadline has passed should "'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian*, 624 F.3d at 1259. Martinsville's Answer was due no later than July 17, 2011. Vinton's and Roanoke's Answers were due no later than July 18, 2011. Martinsville, Vinton, and Roanoke filed the instant motions on July 5th and July 6th. ECF Nos. 67, 70. Accordingly, the motions were filed prior to the applicable deadline.

The Court agrees with the moving parties that the focus of the litigation is on the conduct of the Federal Defendants and that issues may be clarified by resolution of the Federal Defendants' pending motion to dismiss. Accordingly, the Court finds that the interests of judicial economy and fairness supply good cause to delay the deadline for answering the complaint, or filing Rule 12(b) motions, until fourteen days after the Court resolves the Federal Defendants' Motion to Dismiss, ECF No. 50.

**Cities' and County's Motions to Stay Discovery**

In light of the Court's ruling extending the period for the Cities and County to answer the complaint, the Court concludes that there is good cause to preclude

ORDER ON MOTIONS TO STAY DISCOVERY AND MOTIONS FOR EXTENSION OF TIME TO ANSWER~ 9

discovery between Yakama and the Cities of Martinsville and Vinton and the County of Roanoke until after resolution of the Federal Defendants' motion to dismiss.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Federal Defendants' Motion for Protective Order Staying Discovery, **ECF No. 43**, is **GRANTED IN PART AND DENIED IN PART**.

2. The Federal Defendants shall comply with discovery requests regarding any policies that relate to any duty of the Federal Defendants to notify the Yakama before entering Yakama land and any policies governing the limitations, if any, on the Federal Defendants' conduct while on Yakama land. The Federal Defendants also shall comply with discovery requests regarding the Federal Defendants' entry onto Yakima land on February 16, 2011, and regarding any decision or lack of decision to notify the Yakama of the entry as well as the timing of the notification to Yakama of the entry. All other discovery between Yakama and the Federal Defendants is hereby **STAYED** pending resolution of the Federal Defendant's Motion to Dismiss, ECF No. 50.

3. The limited discovery granted in this Order shall be completed by **October 31, 2011**.

ORDER ON MOTIONS TO STAY DISCOVERY AND MOTIONS FOR EXTENSION OF TIME TO ANSWER~ 10

Case 2:11-cv-03028-RMP    Document 159    Filed 09/12/11

4. The Plaintiff may file a supplemental brief in opposition to the Motion to Dismiss, ECF No. 50, no later than **November 30, 2011**.

5. The Federal Defendants' reply brief is due no later than **December 15, 2011**.

6. Oral Argument on the Federal Defendants' Motion to Dismiss is re-noted for **January 17, 2012**, at **9:30 a.m**. in **Spokane,** Washington.

7. In light of the Court's partial grant of the Federal Defendants' Motion, Yakama's request for costs and fees is **DENIED**.

8. The Cities of Martinsville and Vinton's Motion for Extension of Time to Answer, **ECF No. 67**, in which the City of Tupelo joined, ECF No. 117, is **GRANTED.**

9. The City of Tupelo's Motion to Join, **ECF No. 110**, is **DENIED AS MOOT**.

10. The City of Tupelo's Motion to Expedite, **ECF No. 112**, is **DENIED AS MOOT**.

11. The County of Roanoke's Motion for Extension of Time to Answer, **ECF No. 70**, is **GRANTED.**

12. The Cities of Martinsville, Vinton, and Tupelo and the County of Roanoke's Answers or 12(b) Motions are due no later than 14 days after

ORDER ON MOTIONS TO STAY DISCOVERY AND MOTIONS FOR EXTENSION OF TIME TO ANSWER~ 11

the Federal Defendants' Motion to Dismiss, ECF No. 50, is resolved by entry of an order by this Court.

13. The Cities of Martinsville and Vinton's Motion to Extend Time for Rule 26(f) Disclosures, **ECF No. 102**, in which the County of Roanoke has joined, **ECF No. 116**, is **GRANTED**.

14. The County of Roanoke's Motion to Join, **ECF No. 105**, is **DENIED AS MOOT**.

15. Discovery between the Plaintiff and the Cities of Martinsville and Vinton and the County of Roanoke shall be **STAYED** pending resolution of the Federal Defendants' Motion to Dismiss, ECF No. 50.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 12th of September, 2011.

                *s/ Rosanna Malouf Peterson*
              ROSANNA MALOUF PETERSON
             Chief United States District Court Judge

ORDER ON MOTIONS TO STAY DISCOVERY AND MOTIONS FOR EXTENSION OF TIME TO ANSWER~ 12