UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a federally-recognized Indian tribal government and as *parens patriae* on behalf of the Enrolled Members of the Confederated Tribes and Bands of the Yakama Nation;

Plaintiff,

v.

ERIC H. HOLDER, JR., Attorney General of the United States; et al.,

Defendants.

NO: CV-11-3028-RMP

ORDER DENYING THE FEDERAL DEFENDANTS' MOTION FOR RECONSIDERATION

This matter comes before the Court on a motion for reconsideration by the Federal Defendants, ECF No. 177. Telephonic argument occurred on November 4, 2011. The Court has reviewed the parties' filings with respect to this motion, together with the remaining record in this case, and is fully informed.

**BACKGROUND**

The Plaintiff brought the instant action on March 8, 2011. On June 10, 2011, the Federal Defendants filed a motion for a protective order in which they sought to stay discovery pending the resolution of a motion to dismiss that they had not yet filed. ECF No. 43. On June 22, 2011, the Federal Defendants filed the motion to dismiss. ECF No. 50.

On September 12, 2011, the Court granted in part and denied in part the Federal Defendants' motion for a protective order. ECF No. 159. The Court allowed limited discovery relating to policies governing the Federal Defendants' duty, if any, to notify the Yakama Nation prior to entry upon Yakama land, discovery relating to the actions of the Federal Defendants regarding notification of the Federal Defendants' alleged entry onto Yakama land on February 16, 2011, and discovery relating to the actions of the Federal Defendants in effecting that entry. ECF No. 159 at 10. The Federal Defendants now seek reconsideration of that order.

**DISCUSSION**

The Federal Defendants purport to bring this motion pursuant to Rule 59. In the motion, the Federal Defendants assert three arguments: (1) that the court erred in holding that the second sentence of 5 U.S.C. § 702 of the Administrative Procedure Act ("APA") waives sovereign immunity for non-constitutional, non-

APA claims; (2) that there is no discoverable evidence needed to address the Federal Defendants' Motion to Dismiss because if an internal policy document is unpublished, it cannot bind the agency; and (3) that if the Court decides to allow discovery, the scope of discovery contained in the original order is overbroad and should be narrowed.

*Procedural Posture*

As a preliminary matter, the Plaintiff challenges the Federal Defendants' motion for reconsideration as improper because motions for reconsideration under Rule 59 apply only to final judgments or appealable interlocutory orders. ECF No. 184 at 2. The Plaintiff is correct that Rule 59(e) motions are appropriate only to review a "judgment." Fed. R. Civ. P. 59(e). Judgments are defined as orders from which an appeal lies. Fed. R. Civ. P. 54(a). Where a motion for reconsideration is brought challenging a non-final, non-appealable order, the motion is directed at the inherent jurisdiction of a court to revisit its interlocutory orders. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). The Federal Defendants' reliance on Rule 59 is misplaced, but this Court will consider the motion under its inherent discretionary power.

*Scope of the Waiver of Sovereign Immunity under 5 U.S.C. § 702*

The Federal Defendants argue that this Court's September 12, 2011, order misinterprets the scope of the waiver of sovereign immunity contained in 5 U.S.C.

§ 702. The Federal Defendants assert that the Ninth Circuit's opinion in *Veterans for Common Sense v. Shinseki*, 644 F.3d 845 (9th Cir. 2011), establishes that § 702's waiver is limited to claims brought pursuant to the Administrative Procedure Act ("APA") and claims arising under the Constitution. The Court disagrees. *Shinseki* stands for the principle that the waiver of sovereign immunity contained within the second sentence of § 702 is not limited to actions brought pursuant to the first sentence of § 702. 644 F.3d at 867. While the question in *Shinseki* was whether sovereign immunity barred a constitutional claim, the Ninth Circuit did not limit its holding to constitutional claims.[1]

In fact, the Ninth Circuit's reasoning in *Shinseki* compels a different result. The second sentence of § 702 is to be read independently of the first sentence. The second sentence reads:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under

---

[1]The fact that the *Shinseki* court applies a different analysis to the non-constitutional claims in that case does not suggest that § 702's waiver is limited to constitutional and APA claims because the non-constitutional claims referred to by the Federal Defendants were claims brought pursuant to the APA and thus had to meet the requirements of the APA. *See Shinseki*, 644 F.3d at 868-69 ("the district court properly denied Veterans's APA challenge").

> color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

§ 702. Nothing in the second sentence limits the waiver by claim type. By its plain text, the second sentence merely limits the waiver based on the type of relief sought. Accordingly, the Court declines to modify its earlier ruling regarding the scope of the waiver of sovereign immunity under § 702.

*Need for Discovery*

The Federal Defendants challenge the Court's ruling respecting the need for discovery. The Federal Defendants argue that only published guidelines may bind an agency; consequently, discovery here will be fruitless as any agency policy available solely through discovery cannot legally bind the agency and give rise to a possible claim under the APA. For this conclusion, the Federal Defendants rely primarily on *United States v. One 1985 Mercedes*, 914 F.2d 415 (9th Cir. 1990). Language from *Mercedes*, taken in isolation, would appear to support that conclusion. However, that statement must be put into context.

The *Mercedes* court relies on *Rank v. Nimmo*, 677 F.2d 692 (9th Cir. 1982). *Rank* stands for the proposition that in order for a breach of an agency's internal rule to give rise to a cause of action, that rule must "have the 'force and effect of law.'" *Id.* at 698. To have the force of law, a rule must be (1) substantive and not merely interpretive; and (2) "conform to certain procedural requirements." *Id.*

(citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 301 (1979)). "The first element requires that the rules be legislative in nature, affecting individual rights and obligations." *Id.* (citing *Chrysler*, 441 U.S. at 302). "The second element requires that the agency promulgate the rules pursuant to a specific statutory grant of authority and in conformance with the procedural requirements imposed by Congress." *Id.* (citing *Chrysler*, 441 U.S. at 302-03).

The *Rank* court rendered its decision under the first element and held that a Veteran's Administration Handbook and various Veteran's Administration circulars did not carry the force of law because they were general statements of policy and procedure and not legislative in character. *Id.* Additionally, "the fact that the Handbook and circulars . . . were neither published in the Federal Register nor disseminated to the public for scrutiny and comment offer[ed] *further support* for [the] view that th[e] publications were not intended to have the force and effect of law." *Id.* (emphasis added). The *Rank* court did not state that dissemination to the public for scrutiny and comment or publication was dispositive. *See id.* Importantly, the *Rank* court did "not reach the question [of] whether the Handbook and circulars were the product of requisite procedures." *Id.*

The *Mercedes* court focused on the procedural issue that the *Rank* court did not reach, yet the *Mercedes* court relied on *Rank* for its holding. *Mercedes*, 917 F.2d at 423. Due to the fact that *Rank* did not reach the procedural question, *Rank*,

677 F.2d at 698, the *Rank* opinion cannot stand for the principle that an unpublished rule can never create legally binding rules under the APA.

In *Mercedes*, the Ninth Circuit reviewed the district court's decision not to allow discovery of internal procedures. *Mercedes*, 917 F.2d at 418. The Circuit reviewed the district court's decision under an abuse of discretion standard and ultimately found that the district court did not abuse its discretion. *Id.* The *Mercedes* opinion does not compel the conclusion that a district court would abuse its discretion by allowing discovery of internal agency policies.

The internal policies that can bind an agency and give rise to a cause of action under the APA are not limited to only those rules promulgated pursuant to notice and comment rule making. *Alcaraz v. Immigration and Naturaliation Serv.*, 384 F.3d 1150, 1162 (9th Cir. 2004). In light of the tension between the language of *Mercedes* and the holding in *Rank*, and in light of the fact that the Ninth Circuit has not cited to *Mercedes* in twenty years for the proposition that unpublished policies can never bind an agency, the Court rejects the Federal Defendants' interpretation that unpublished policies can never bind an agency.

Where facts bearing on the issue of jurisdiction are controverted, as they are in this case, a district court should allow discovery. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1997). The Court will allow

limited discovery in this case so that Plaintiff may have an opportunity to rebut Defendants' motions to dismiss.

*Scope of Discovery*

During the November 4, 2011, oral argument on the Federal Defendants' motion to reconsider, the Court inquired of the Plaintiff as to whether the scope of discovery needed by the Plaintiff to rebut the motions to dismiss could be narrowly tailored. After a colloquy with the Court, the Plaintiff had no objection at this point in the litigation to focusing discovery on the issue of whether agency guidelines are discretionary or nondiscretionary.

In light of the Plaintiff's position on discovery, the Court will restate the scope of limited discovery granted by ECF No. 159 accordingly.

Therefore**, IT IS HEREBY ORDERED:**

1. Federal Defefendants' Motion for Reconsideration, **ECF No. 177**, is **DENIED**.

2. The Federal Defendants shall comply with discovery requests regarding any written policies, guidelines, and directives, published or unpublished, that relate to any duty of the Federal Defendants to notify the Yakama before entering Yakama land and any policies governing the limitations, if any, on the Federal Defendants' conduct while on Yakama land. In responding to discovery requests, the Federal Defendants should be mindful that all such policies should be

produced, whether they appear mandatory or discretionary. The Court will ultimately determine the character of the policies. If after receiving the initial discovery from the Federal Defendants, the Plaintiff finds that additional discovery is necessary in order to respond to the motions to dismiss, Plaintiff may move the Court for additional limited discovery.

3. In light of the delay caused by the instant motion, the currently scheduled hearing date of January 17, 2012, would not allow sufficient time to complete the limited discovery enabled by this Order. Accordingly, the Court makes the following scheduling changes:

a. The Hearing on the Federal Defendants' Motion to Dismiss, ECF No. 50, is reset to **February 28, 2012** at **9:30 a.m. in Spokane, WA**.

b. All discovery under this order is to be completed by **January 3, 2012**.

c. The Plaintiff may supplement its response memorandum in light of discovery. Such supplemental memorandum, if any, shall be filed on or before **January 24, 2012**.

/ / /

/ / /

/ / /

d. The Federal Defendants' reply memorandum, if any, shall be filed on or before **February 7, 2012**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 21st of November, 2011.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge