UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a federally-recognized Indian tribal government and as *parens patriae* on behalf of the Enrolled Members of the Confederated Tribes and Bands of the Yakama Nation;<br><br>Plaintiff,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General of the United States; et al.,<br><br>Defendants. | NO: CV-11-3028-RMP<br><br>ORDER ADDRESSING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 227. Telephonic argument was had on March 14, 2012. The Court has reviewed the motion, the memoranda in support of and opposition to the motion, the various declarations filed by the parties, the relevant filings, and is fully informed.

ORDER ADDRESSING MOTION FOR TEMPORARY RESTRAINING ORDER ~ 1

## BACKGROUND

This case originated out of an entry by federal and state agents onto the reservation land of the Plaintiff, Confederated Tribes and Bands of the Yakama Nation ("Nation"). The Nation brought the action seeking declaratory and injunctive relief against a myriad of government defendants both local and federal. Yakima County ("County") is one of the defendants against whom the Nation seeks an injunction.

After the filing of this case, the Nation alleges that the County has made other entries onto Nation land without Nation permission. Of particular note were two entries onto Nation trust land by County officers effecting an arrest warrant for enrolled member, and tribal elder, Jessie M. Sampson. In response to the recent entries onto Nation trust land without permission, and in response to the apparent position of the County that such permission was not required, the Nation filed the instant motion seeking a temporary restraining order and preliminary injunction restricting the County from entering trust land without permission by the Nation.

## DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S.

ORDER ADDRESSING MOTION FOR TEMPORARY RESTRAINING ORDER ~ 2

7, 20 (2008).  "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id.* at 24.  "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'"  *Id.* (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)).  "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'"  *Id.* (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982)).

**Scope of Injunction**

As an initial matter, the Nation clarified at oral argument that it seeks injunction solely against the County and solely to prevent County incursions onto Nation trust land and only with respect to searches and arrests of enrolled members of the Nation.  However, the Nation's materials also make clear that the restriction sought would apply regardless of whether the searches and arrests were pursuant to criminal conduct occurring off Nation trust land.

**Likelihood of Success on the Merits**

The Nation makes two arguments in support of its position that the County may not enter onto trust land to search or arrest enrolled tribal members: (1) that such incursions violate Title 2011 of the Revised Yakama Code and, as a result, the incursions undermine the Nation's ability to make its own laws and be bound

ORDER ADDRESSING MOTION FOR TEMPORARY RESTRAINING ORDER ~ 3

by them; and (2) that such incursions violate rights guaranteed to the nation under Article II of the Treaty of 1855, 12 Stat. 951.

"The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged except in a case clearly warranting it." *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To that end, "on application for preliminary injunction the court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Id.* at 143.

With regard to the violation of Title 2011, there is little question that, by its terms, it restricts access to the reservation by state officers without permission by the Nation. However, there are questions about whether the Nation has legislative authority to restrict incursions by state officers onto trust land where the state officers are investigating criminal conduct that occurred outside Indian country. *See Nevada v. Hicks*, 533 U.S. 353, 364 (2001). Additionally, it is unclear whether the Nation may restrict entry of state officers who are investigating crimes which fall under the eight subject matter areas over which Washington State asserted jurisdiction under Public Law 280. RCW 37.12.010; s*ee also State v. Abrahamson*, 157 Wn. App. 672, 674 (2010) ("Under RCW 37.12.010, the State of Washington assumed criminal and civil jurisdiction over Indians on Indian lands for eight specific areas of law.").

ORDER ADDRESSING MOTION FOR TEMPORARY RESTRAINING ORDER ~ 4

With regard to Article II of the Treaty of 1855, the Court is not aware of any authority interpreting Article II with regard to a right to exclude county officers proceeding in the criminal context. Accordingly, the scope of any exclusionary right is unclear. Additionally, it is unclear what effect, if any, Washington's assertion of criminal jurisdiction under Public Law 280 has on the Nation's treaty rights, or what other concerns may be implicated given the complex, overlapping jurisdictional relationship between the state, federal, and tribal governments. While the Court finds the Nation's argument compelling that the treaty, by its terms and through assurances made during negotiations, provides for a broad right to exclude non-members from tribal land, the legal landscape is not sufficiently clear for the Court to say that an injunction is "clearly warranted." The Court is reluctant to "decide doubtful and difficult questions of law" at the accelerated pace of a temporary restraining order. See *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).

**Public Interest**

The Court's conclusion that a preliminary injunction is not warranted in this case is confirmed by review of the public interest. "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* (quoting *Weinberger v.*, 456 U.S. at 311-12).

ORDER ADDRESSING MOTION FOR TEMPORARY RESTRAINING ORDER ~ 5

In support of its motion, the Nation argues that the public interest supports enjoining the County because to do otherwise will lead to irreparable cultural and political harm to the Nation. In support of its argument in favor of injunction, the Nation cites to *Miccosukee Tribe of Indians of Florida v. United States*, 00-3453CIV, 2000 WL 35623105 (S.D. Fla. Dec. 15, 2000), for the proposition that the public interest in maintaining the balance of state-tribal relations outweighs the impact of an injunction on criminal cases. ECF No. 237 at 17. However, the *Miccosukee* case actually spoke to the balancing of state-tribal relations versus a single case. The injunction sought here has the potential to impact a number of cases involving enrolled members of the Nation. Additionally, in this case, where the record reflects that an injunction would alter policies that have long been followed, the hesitancy of the *Miccosukee* court to disturb the relationship between the state and tribe may arguably cut against the Nation in this case.

Ultimately, however, the Court's decision that public policy counsels against entering a preliminary injunction rests predominantly on the public's strong interest in the investigation of crime and apprehension of criminals. The record reflects that the Yakama reservation contains a checkerboard of incorporated municipal land, fee land, and trust land. The injunction sought would be limited to trust land. The County officers navigate a complicated terrain when investigating crimes because their authority shifts depending on the status of land involved.

ORDER ADDRESSING MOTION FOR TEMPORARY RESTRAINING ORDER ~ 6

The Nation's proposed solution that the County contact the auditor's office to determine the tax status of a parcel before entering the land appears to impose an impediment to effective law enforcement.Although such a requirement may be part of an ultimate resolution in this case,  for purposes of a preliminary injunction the Court is convinced that the public's interest in effective law enforcement outweighs the Nation's need for immediate relief.

The Nation's guarantee that its intent is not to frustrate criminal investigations does not require a different result.  The Court does not doubt the earnest commitment of the Nation to investigate crime in conjunction with the County.  However, the express language of Title 2011 imposes strict requirements on county officers seeking permission to enter Nation land and does not allow for flexibility absent exigent circumstances.  ECF No. 234 at 9-13.  In short, entry of a preliminary injunction could frustrate law enforcement by inserting rigid, technical permission requirements into a landscape of vague and shifting jurisdiction.  The Court declines to make such a decision with abbreviated briefing.

As the Court declines to enter a preliminary injunction on the grounds that unclear legal precedent preclude a finding of a likelihood of success on the merits and that public policy counsels against injunction, the Court does not reach the issues of irreparable harm and the balance of the equities.  The Court notes, however, that this decision should not be seen as a comment on the ultimate merits

ORDER ADDRESSING MOTION FOR TEMPORARY RESTRAINING ORDER ~ 7

of this case. Policies that counsel against the extraordinary remedy of a preliminary injunction may have no relevance to the ultimate questions of tribal and state sovereignty which are at issue in this case.

Additionally, the Court's unwillingness to enter an injunction should not be construed as an invitation to the County to ignore the jurisdictional concerns raised by the Nation in the materials supporting this motion. It appears that the parties have the capacity to resolve many of their concerns by finding common ground through their shared interest in investigating and punishing crime. To that end, an agreement or memorandum of understanding respecting the jurisdictional authority of both parties could clarify what the County refers to as a "jurisdictional maze."

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for temporary restraining order and preliminary injunction, **ECF No. 227**, is **DENIED**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 15th of March 2012.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER ADDRESSING MOTION FOR TEMPORARY RESTRAINING ORDER ~ 8