UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a federally-recognized Indian tribal government and as *parens patriae* on behalf of the Enrolled Members of the Confederated Tribes and Bands of the Yakama Nation;<br><br>    Plaintiff,<br><br>  v.<br><br>ERIC H. HOLDER, JR., Attorney General of the United States; et al.,<br><br>    Defendants. | NO: CV-11-3028-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER |

This matter comes before the Court on the Plaintiff's Motion to Alter or Amend Order, ECF No. 267. Telephonic argument was held on April 2, 2012. The Court has reviewed the motion, the memoranda in support of and opposition to the motion, all declarations filed in relation to the instant motion as well as the

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER ~ 1

1  original motion for temporary restraining order, all other relevant filings, and is
2  fully informed.

3       On March 15, 2012, this Court entered an order denying a motion for a
4  temporary restraining order and preliminary injunction by Plaintiff Confederated
5  Tribes and Bands of the Yakama Nation ("Nation"). ECF No. 258. "A plaintiff
6  seeking a preliminary injunction must establish that he is likely to succeed on the
7  merits, that he is likely to suffer irreparable harm in the absence of preliminary
8  relief, that the balance of equities tips in his favor, and that an injunction is in the
9  public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).
10 The Court concluded that the Nation had failed to establish a likelihood of success
11 on the merits and that the public interest favored injunction. ECF No. 258. The
12 Nation now asks the Court to reconsider its decision.

13       The Nation has moved pursuant to Federal Rule of Civil Procedure 59(e).
14 "A Rule 59(e) motion may be granted if '(1) the district court is presented with
15 newly discovered evidence, (2) the district court committed clear error or made an
16 initial decision that was manifestly unjust, or (3) there is an intervening change in
17 controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting
18 *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). The Nation
19 has not asserted that there has been an intervening change in the law. Instead, the
20 Nation seeks reconsideration arguing: (1) newly discovered evidence supports

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER ~ 2

amendment of the order; (2) the court made clear error in its interpretation of *Nevada v. Hicks*, 533 U.S. 353 (2001), and Public Law 280; and (3) the Court's decision gives rise to a manifest injustice.

**New Evidence**

As new evidence warranting modification of the Court's March 15, 2012, order, the Nation presents statements by Yakima County Sheriff Ken Irwin to the effect that the County would proceed with "business as usual," and will continue to arrest enrolled members of the Nation on Nation trust land for crimes committed outside of the Yakama reservation. ECF No. 263. While this evidence may have some bearing on the issue of irreparable harm, irreparable harm was not a basis for the Court's decision to deny issuance of a preliminary injunction and Sheriff Irwin's statements do not constitute "new evidence" justifying reconsideration of the Court's previous order. The Court declines to modify its opinion in light of Sheriff Irwin's statements.

**Clear Error**

In support of its argument that the Court committed clear error, the Nation asserts that the Court misapprehended the Nation's position as well as how *Hicks* and Public Law 280 applied to the motion for temporary restraining order and preliminary injunction. The Nation further argues that the Court committed clear error by misapprehending the impact of Title 2011.

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER ~ 3

1    While the Court welcomes the Nation's clarification that it does not seek an
2    injunction barring entry by state officers onto Nation trust land with regard to those
3    eight subject matters over which Washington has asserted jurisdiction under Public
4    Law 280, that clarification does not change the Court's conclusion that preliminary
5    relief is not warranted.  The Nation's attempts to characterize the *Hicks* majority as
6    a plurality or its relevant language as dicta are unconvincing.

7    The Nation argues that the Court misapprehended its position regarding the
8    requirements of Title 2011, and the Nation reiterated that permission to enter
9    Nation trust land may be granted by an informal phone call.  However, such a
10   procedure contrasts sharply with a plain reading of Title 2011, which expressly
11   provides that state officers are to seek permission in writing with a copy of such
12   writing to be provided to the Bureau of Indian Affairs.  Rev. Yakama Code
13   2011.01.04.

14   The Nation's arguments in support of the current motion to amend or alter
15   order have not convinced the Court that the Court made clear error.

16   **Manifest Injustice**

17   In support of its argument that the Court's March 15, 2012, order will lead
18   to a manifest injustice, the Nation argues that violations of tribal sovereignty or
19   treaty rights constitute manifest injustice.  However, this argument is identical to
20   the Nation's argument that it will suffer irreparable harm should a preliminary

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER ~ 4

1  injunction not issue.  As the Court's March 15, 2012, order did not rest on the issue
2  of irreparable harm, violation of the Nation's sovereignty cannot serve as a basis
3  for reconsideration of the Court's order.

4  This is the second motion for reconsideration filed by the parties in this case.
5  The Court assures the parties that each of the Court's orders is thoroughly
6  researched and considered after due deliberation of all the pleadings.  Motions for
7  reconsideration without a valid basis for so moving merely complicate the
8  litigation in this matter and increase each of the party's litigation costs.

9  Accordingly, **IT IS HEREBY ORDERED:**

10  **1.** The Plaintiff's Motion to Alter or Amend Order, **ECF No. 267**, is
11  **DENIED**.

12  **IT IS SO ORDERED**.

13  The District Court Executive is hereby directed to enter this Order and to
14  provide copies to counsel.

15  **DATED** this 4th of April 2012.

    *s/ Rosanna Malouf Peterson*
    ROSANNA MALOUF PETERSON
    Chief United States District Court Judge

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER ~ 5